WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael J. Pence; Tauni R. Pence,<br><br>Plaintiffs,<br><br>v.<br><br>GMAC Mortgage LLC,<br><br>Defendant. | No. CV-12-1652-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendant's Motion for Summary Judgment (Doc. 29) and Plaintiffs' Motion to Dismiss (Doc. 31). Also before the Court is Defendant GMAC Mortgage, LLC's Motion to Strike Affidavit. (Doc. 24.) For the reasons explained below, Plaintiffs' Motion to Dismiss (Doc. 31) will be granted if Plaintiff agrees to pay Defendant's costs.

## BACKGROUND

Plaintiffs Michael and Tauni Pence are living in a home in New River, Arizona. The Pences borrowed $485,000 against their home on January 16, 2007, and have not made any payments on this mortgage since September 2010. The Pences owe at least $635,382.25 in past due principal on the loan, which they have not repaid or offered to pay.

The Pences filed this quiet title action in Arizona state court on July 10, 2012 (Doc. 1-1) and GMAC removed to this Court (Doc. 1). On October 4, 2013, GMAC moved for summary judgment. (Doc. 29.) The Pences responded to that motion on October 10 (Doc. 30), but then moved to dismiss the next day (Doc. 31).

On October 31, 2013, the Pences filed another lawsuit in Arizona state court, this time naming Ocwen in the place of GMAC. The state court has placed that matter on its inactive calendar pending resolution of this action.

## DISCUSSION

### I. Motion to Dismiss

The Pences move for the voluntary dismissal of this action. (Doc. 31.) The dismissal of actions is governed by Federal Rule of Civil Procedure 41. When the request for dismissal is not stipulated to by both parties and comes from the plaintiff after an answer has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a). A court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result. *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145–46 (9th Cir. 1982).

"Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "Uncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice. *Id.* at 96–97. "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (citing *Hamilton*, 679 F.2d at 145). Defendant cites to other factors that have been considered by other courts, *Hubbard v. United States*, 545 F. Supp. 2d 1, 7 (D.D.C. 2008), but those factors are inconsistent with the Ninth Circuit's rejection of broader definitions of legal prejudice from other circuits. *Westlands Water Dist.*, 100 F.3d at 96–97. "Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation." *Id.* at 97.

- 2 -

Here, the legal rights of the parties and the defenses available to GMAC in future litigation will not be affected by a dismissal. A dismissal clearly leaves uncertainty and an unresolved dispute over the Pences' claim. GMAC faces the threat of future litigation and its interests are already involved in the pending litigation in state court that has been suspended until this case is resolved. The Pences' actions also give them a tactical advantage by allowing them to start over in state court when they are facing a Motion for Summary Judgment in this action. However, all of these harms have been explicitly excluded from the definition of plain legal prejudice in the Ninth Circuit. Therefore, the Motion is well taken.

Nevertheless, the decision to allow the motion to dismiss does not end the inquiry. In exercising its discretion under Rule 41(a)(2), "the court must make three separate determinations: (1) whether to allow the dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd. sub nom Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995*)*. The purpose of requiring a court order for such a dismissal is to prevent voluntary dismissals which unfairly affect the defendant and to permit the imposition of curative conditions. *Hamilton*, 679 F.2d at 146; *Alamance Indus., Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961).

The next question is whether the dismissal should be with or without prejudice. Rule 41(a)(2) of the Federal Rules of Civil Procedure states that: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The phrase "terms that the court considers proper" provides district courts the discretion to dismiss with or without prejudice. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) ("That broad grant of discretion does not contain a preference for one kind of dismissal or another."). Here, the dismissal will be without prejudice.

The final issue is what if any conditions are appropriate. In Rule 41(a) dismissals, the court may condition the voluntary dismissal upon the payment of both attorney's fees

and costs. *Westlands Water Dist.*, 100 F.3d at 97. Although that condition is not mandatory, the court in *Westlands* suggested that it might be an appropriate remedy to the expenses incurred by the defendants during the litigation that the plaintiff is now dismissing without resolution. *Id.* However, "if the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims." *Id.* Here, the Court will not condition this dismissal on the award of attorney's fees, but it will require the payment of costs as a condition. A court granting a motion for dismissal with conditions must give the plaintiff "a reasonable period of time within which [either] to refuse the conditional voluntary dismissal by withdrawing [the] motion for dismissal or to accept the dismissal despite the imposition of conditions." *Beard v. Sheet Metal Workers Union*, 908 F.2d 474, 476 (9th Cir. 1990). The Pences therefore may choose to accept the condition and pay GMAC's costs or inform this Court that they will not. If the Pences accept the condition to pay costs, the case will be dismissed. If the Pences reject the condition, no dismissal will be granted and the Court will consider GMAC's pending Motion for Summary Judgment.

**IT IS HEREBY ORDERED** that GMAC shall file a Bill of Costs pursuant to Fed. R. Civ. P. 54 and LRCiv 54.1 **within 7 days of the date of this order**.

**IT IS FURTHER ORDERED** that the Pences shall, **within 14 days of GMAC's filing**, file with this Court and cause to be served upon GMAC a statement of whether they choose to accept the condition to pay the Bill of Costs or choose to withdraw their Motion to Dismiss. The Pences may also file any objections to any cost item pursuant to LRCiv 54.1.

/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS FURTHER ORDERED** that the Clerk of the Court shall take no action with respect to the pending motions or the taxation of costs until further order from this Court.

Dated this 11th day of March, 2014.

*A. Murray Snow*
/G. Murray Snow
United States District Judge